IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| DELFINO TORRES, | § | |
| TDCJ #452032, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. G-08-0085 |
| | § | |
| NATHANIEL QUARTERMAN, Director, | § | |
| Texas Department of Criminal Justice - | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM AND ORDER

The petitioner, Delfino Torres (TDCJ #452032), is a state inmate incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (collectively, "TDCJ"). Torres has filed a petition for a federal writ of habeas corpus to challenge the result of a prison disciplinary conviction. After reviewing all of the pleadings and the applicable law under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court concludes that this case must be **dismissed** for reasons set forth below.

## I.      BACKGROUND

Torres is presently incarcerated in TDCJ as a result of a murder conviction entered against him on May 18, 1987, in the 147th District Court of Travis County, Texas, in cause number 86528. Torres, who received a fifty-year prison sentence in that case, does not challenge his underlying conviction here. Instead, he challenges the result of a prison

disciplinary proceeding lodged against him at the Darrington Unit in Brazoria County, Texas, where he presently resides. Because the petition challenges a prison disciplinary conviction and the petitioner is incarcerated within the Southern District of Texas, this Court has jurisdiction over his petition. *See Wadsworth v. Johnson*, 235 F.3d 959 (5th Cir. 2000).

According to the pleadings and exhibits, officials at the Darrington Unit issued charges against Torres in disciplinary case #20080004508 for violating prison rules by threatening to inflict harm on other inmates. After a hearing before a disciplinary officer on September 11, 2007, Torres was found guilty of the charges against him. As a result of the disciplinary conviction, Torres lost commissary and recreational privileges for thirty days, he spent fifteen days in solitary confinement, and he was reduced in class status from S3 to S4. Torres reportedly filed a Step 1 and a Step 2 grievance to challenge the conviction, but his appeal was unsuccessful.

Torres now seeks a federal writ of habeas corpus to challenge his disciplinary conviction. Torres contends that he is entitled to relief because he was denied due process at his disciplinary proceeding. Notwithstanding the arguments made in the petition, the Court finds that Torres is not entitled to federal habeas corpus relief as a matter of law for reasons discussed below.

## II.    DISCUSSION

The petitioner in this case seeks federal habeas corpus relief from a prison disciplinary conviction. The federal writ of habeas corpus is an extraordinary remedy which shall not extend to any prisoner unless he is "in custody in violation of the Constitution or laws or

2

treaties of the United States."  28 U.S.C. §§ 2241(c)(3) & 2254(a); *Brecht v. Abrahamson*, 507 U.S. 619, 633-34 (1993) (explaining that "the writ of habeas corpus has historically been regarded as an extraordinary remedy, a bulwark against convictions that violate fundamental fairness").  Thus, to prevail on his request for federal habeas corpus relief the petitioner must establish a constitutional violation.

In the disciplinary hearing context a prisoner's rights, if any, are governed by the Due Process Clause of the Fourteenth Amendment to the United States Constitution.  *See Wolff v. McDonnell*, 418 U.S. 539, 557 (1974).  However, prisoners charged with institutional rules violations are entitled to rights under the Due Process Clause *only* when the disciplinary action may result in a sanction that will infringe upon a constitutionally protected liberty interest.  *See Sandin v. Conner*, 515 U.S. 472 (1995).  Liberty interests emanate from either the Due Process Clause itself or from state law.  *See Kentucky Dept. of Corrections v. Thompson*, 490 U.S. 454, 460 (1989).

The petition filed in this case does not reference any particular right found in the Due Process Clause.  In that respect, the Due Process Clause does not include a right to conditional release before the expiration of a valid sentence.  *See Greenholtz v. Inmates of the Neb. Penal & Correctional Complex*, 442 U.S. 1, 7 (1979).  Likewise, the Due Process Clause does not guarantee an inmate credit for satisfactory behavior while in prison.  *Wolff v. McDonnell*, 418 U.S. 539, 557 (1974); *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997).  Accordingly, the petitioner's due process claim depends on the existence of a constitutionally protected interest created by state law.

3

The Supreme Court has decided that only those state-created substantive interests which "inevitably affect the duration of [a prisoner's] sentence" may qualify for constitutional protection under the Due Process Clause. *Sandin*, 515 U.S. at 487. *See also Orellana v. Kyle*, 65 F.3d 29, 31-32 (5th Cir. 1995), *cert. denied*, 516 U.S. 1059 (1996). In Texas, it is well established that only those inmates who are eligible for mandatory supervision have a constitutional expectancy of early release under the Texas mandatory supervision scheme and a protected liberty interest in the good-time credits that they have earned. *See Malchi v. Thaler*, 211 F.3d 953, 956 (5th Cir. 2000) (addressing the mandatory supervision scheme in place prior to September 1, 1996); *see also Teague v. Quarterman*, 482 F.3d 769 (5th Cir. 2007) (addressing the mandatory supervision scheme in place before and after September 1, 1996). Torres indicates that he is eligible for mandatory supervision, but concedes that he did not lose any good-time credits as a result of the prison disciplinary conviction at issue in his petition. (Doc. # 1, *Petition*, ¶ 18). This is fatal to Torres's petition.

As a result of the disciplinary proceeding against Torres, the only punishment imposed was short-term loss of privileges, temporary placement in solitary confinement, and a reduction in classification status. According to well-settled precedent, sanctions that are "merely changes in the conditions of [an inmate's] confinement" do not implicate due process concerns. *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997). The imposition of a restriction on commissary or recreation privileges, and a cell restriction or solitary confinement on a temporary basis, are the type of sanctions that do not pose an atypical or

4

significant hardship beyond the ordinary incidents of prison life.  *See Madison*, 104 F.3d at 768; *see also Sandin*, 515 U.S. at 486 (refusing to recognize a liberty interest in administrative segregation).  The Fifth Circuit has also decided that reductions in a prisoner's classification status and the potential impact on good-time credit earning ability are not protected by the Due Process Clause.  *See Malchi*, 211 F.3d at 958; *Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995), *cert. denied*, 517 U.S. 1196 (1996).  Because these sanctions do not implicate a protected liberty interest, Torres cannot show that he is entitled to habeas corpus relief from these particular forms of punishment.

Absent an allegation that the petitioner has been deprived of some right secured to him by the United States Constitution or laws of the United States, federal habeas corpus relief is not available.  *See Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995), *cert. denied*, 516 U.S. 1059 (1996);  *Hilliard v. Board of Pardons and Paroles*, 759 F.2d 1190, 1192 (5th Cir. 1985).  Accordingly, the pending federal habeas petition must be dismissed.

## III.    CERTIFICATE OF APPEALABILITY

The federal habeas corpus petition filed in this case is governed by the Antiterrorism and Effective Death Penalty Act, codified as amended at 28 U.S.C. § 2253.  Therefore, a certificate of appealability is required before an appeal may proceed.  *See Hallmark v. Johnson*, 118 F.3d 1073, 1076 (5th Cir.) (noting that actions filed under either 28 U.S.C. § 2254 or § 2255 require a certificate of appealability), *cert. denied sub nom. Monroe v. Johnson*, 522 U.S. 1003 (1997).  "This is a jurisdictional prerequisite because the COA statute mandates that '[u]nless a circuit justice or judge issues a certificate of appealability,

5

an appeal may not be taken to the court of appeals . . . .'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citing 28 U.S.C. § 2253(c)(1)).

A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Under the controlling standard, this requires a petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El*, 537 U.S. at 336. Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). After careful review of the pleadings and the applicable law, the Court concludes that jurists of reason would not debate whether the petitioner has stated a valid claim or whether any procedural ruling in this case was correct. Accordingly, a certificate of appealability will not issue in this case.

IV.    **CONCLUSION**

Based on the foregoing, the Court **ORDERS** as follows:

1.     The petitioner's motion for leave to proceed *in forma pauperis* (Doc. # 2) is **GRANTED**.

2.     The petition for a federal writ of habeas corpus is **DENIED**, and this case is **DISMISSED** with prejudice.

3.     A certificate of appealability is **DENIED**.

The Clerk shall provide a copy of this order to the parties.

SIGNED on April 23, 2008.

Nancy F. Atlas
United States District Judge